IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALL ONE INC., <br><br>     Plaintiff and <br>     Counter-Defendant, <br><br> v. <br><br> BERKLEY INSURANCE CO., <br><br>     Defendant and <br>     Counter-Plaintiff. | Case No. 21-cv-0466 <br><br> Honorable Andrea R. Wood |

**MOTION TO ENTER JUDGMENT**

On September 30, 2025, the Court entered its Memorandum Opinion and Order on Call One, Inc.'s ("Call One") and Berkley Insurance Company's ("Berkley") cross-motions for summary judgment. (ECF No. 101). Berkley now respectfully moves this Honorable Court to enter judgment, pursuant to Federal Rule of Civil Procedure 54(a) and (c), in favor of Berkley and against Call One, in the amount of $289,422.99 and separately to award Berkley $7,975.43 in taxable costs, pursuant to Federal Rules of Civil Procedure 54(d) and 68(b) and (d).

**I.     Background**

Call One purchased an ExecSuite Insurance Policy from Berkley bearing Policy Number DCP-103100-P8 with a coverage period of June 30, 2018 to June 30, 2019 (the "Berkley Policy"). (ECF No. 62 at ¶ 5).

In September 2018, *qui tam* proceedings were initiated under seal against Call One in the Circuit Court of Cook County. (ECF No. 101 at 2). The Office of the

Illinois Attorney General sent a subpoena in March 2019. (*Id.*) Berkley paid for legal counsel under the Berkley Policy in response to the Office of the Illinois Attorney General's subpoena. (*Id.*) A dispute between the parties arose over whether additional coverage was owed under the Berkley Policy.

Call One filed a lawsuit against Berkley alleging Berkley breached the Berkley Policy (Count I) and engaged in a bad faith denial of insurance coverage under 215 ILCS 5/155 (Count II). (ECF No. 1). Berkley counterclaimed for rescission. (ECF No. 36). The parties cross-moved for summary judgment, and the Court granted summary judgment in favor of Berkley on its rescission counterclaim. (ECF No. 101 at 14-22).

## II.     The Parties Should Be Returned to the Status Quo Ante

Rescission is an equitable remedy. *Goldberg v. 401 North Wabash Venture LLC*, 755 F.3d 456, 463 (7th Cir. 2014); *Hakala v. Illinois Dodge City Corp.*, 64 Ill. App. 3d 114, 120 (2d Dist. 1978). Under Illinois law, the effect of rescission is to undo the contract and return the parties to the status quo ante, *i.e.* their pre-contractual positions. *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Inter'l, Ltd.*, 1 F.3d 639, 641 (7th Cir. 1993) ("A successful rescission action annuls the contract and returns the parties to the status quo ante."); *Puskar v. Hughes*, 179 Ill. App. 3d 522, 532 (2d Dist. 1989) ("[I]nherent in the remedy of rescission is restoration of both parties to the status quo."); *see also Fleming v. United States Postal Serv. AMF O'Hare*, 27 F.3d 259, 262 (7th Cir.1994) (applying federal law). When restoring each party to the status quo, courts order the return of any consideration paid along with any additional benefit provided under the contract. *Zahdan v. Frontline Bus.*

*Enter. Inc.*, 2024 IL App (1st) 221351, ¶39-40; *Puskar*, 179 Ill. App. 3d at 528-29. A court may order an insurer to return to the insured all premiums paid under the contract. *Illinois State Bar Ass'n Mut. Ins. Co. v. Law Office of Tuzzolino & Terpinas*, 2015 IL 117096, ¶ 36-38 (Ill. 2015); *TIG Ins. Co. v. Reliable Rsch. Co.*, 228 F. Supp. 2d 921, 929 (S.D. Ill. 2002), *aff'd sub nom. TIG Ins. Co. v. Reliable Rsch. Co.*, 334 F.3d 630 (7th Cir. 2003). In turn, the party seeking rescission, here Berkley, is entitled to reimbursement of the amount paid on the contract less any benefits received. *Cotter v. Parrish*, 166 Ill. App. 3d 836, 842 (5th Dist.1988); *see also In re Green*, 241 B.R. 550, 567 (Bankr. N.D. Ill. 1999), *aff'd sub nom. Green v. Massachusetts Cas. Ins. Co.*, 269 B.R. 782 (N.D. Ill. 2001) (holding that insurer was entitled to rescission, therefore, the insurer had to refund to the insured any premiums paid, which were offset against the benefits provided by the insurer).

Here, both Call One and Berkley should be placed in their pre-contractual positions. That includes the return to Call One by Berkley of paid premium, and the repayment to Berkley by Call One of benefits paid under the Berkley Policy.

Call One paid $21,237 in premium. That part of this case is simple. While slightly more detailed, the benefits Call One received that were paid by Berkley and need to be returned are also straightforward.

Call One made one claim on the Berkley Policy, Claim No. 39219. Berkley paid invoices for subpoena defense on Claim No. 39219 under the Berkley Policy. Call One received benefits on Claim No. 39219 totaling $310,659.99 which amount includes the payment of invoices by Berkley for legal services provided in response

3

to the subpoena by Wilson Elser Moskowitz Edelman and Dicker, LLP and, separately, Mandell Menkes LLC. (Declaration of James Baffa, Exhibit A at ¶¶ 5 – 41). Bruce Menkes, whose law firm, Mandell Menkes, had its fees paid by Berkley, was a Call One board member. (ECF No. 66-54). Berkley also paid Complete Discovery Source (CDS) for work responding to the Office of the Illinois Attorney General subpoena. (Declaration of James Baffa, Exhibit A at ¶¶ 5, 42 – 79). In the attached Declaration, Berkley representative James Baffa attests that the invoices were paid in due course as part of the benefits provided to Call One under the Berkley Policy on Claim No. 39219. (*Id.* at 5 – 79).

In sum, Berkley, the insurer, owes $21,237 in returned premium to Call One, and Call One, the insured, owes $310,659.99 in claim disbursements paid by Berkley that benefited Call One.

### III. Berkley's Right to Set Off Results in Call One Owing Berkley $289,422.99

Forcing Call One and Berkley to exchange payments is unnecessary, as the law provides for setoff where rescission is ordered, so the Court need not direct both parties to write checks to one another. *Marc Dev., Inc. v. Wolin*, 904 F. Supp. 777, 789 n. 6 (N.D. Ill. 1995) ("Setoff is, of course, a recognized rescission remedy when the parties adjudicate the matter in court"); *Felde v. Chrysler Credit Corp.*, 219 Ill. App. 3d 530, 542 (2d Dist. 1991); *Puskar v. Hughes*, 179 Ill. App. 3d 522, 528-29 (2d Dist. 1989); *see also Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 133 n.5 (7th Cir. 1982) (recognizing in context of determining amount in controversy that remedy of rescission is subject to right of setoff).

4

The Seventh Circuit defines setoffs, generally, as the right of mutual creditors to apply their mutual debts against each other, hence "avoiding the absurdity of making A pay B when B owes A." *In re United Air Lines, Inc.*, 438 F.3d 720, 730 (7th Cir. 2006) (applying California law as preserved in the Bankruptcy Code) (quoting *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995)); *see also Berg v. Soc. Sec. Admin.*, 900 F.3d 864, 868 (7th Cir. 2018) (applying setoff in bankruptcy context). A debt is mutual when a debt is owed from each side, both parties have the same rights and are standing in the same capacity. *In re Drs. Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003).

In this case, a setoff is an appropriate and efficient approach because the amount Call One owes to Berkley ($310,659.99) can be set off with what Berkley owes to Call One ($21,237). *See In re Green*, 241 B.R. 550, 567 (Bankr. N.D. Ill. 1999) (applying setoff to rescission of insurance policy), *aff'd sub nom. Green v. Massachusetts Cas. Ins. Co.*, 269 B.R. 782 (N.D. Ill. 2001). Setoff has the net effect of Call One owing Berkley a total of $289,422.99.

Accordingly, judgment should be entered in favor of Berkley and against Call One in the amount of $289,422.99.

## IV. Berkley Should Be Awarded $7,975.43 in Taxable Costs

In addition to a judgment of rescission, Berkley is entitled to an award of costs in the amount of $7,975.43, both as the prevailing party under Federal Rule of Civil Procedure 54(b) and because Call One rejected Berkley's offer of judgment that was tendered in accordance with Federal Rule of Civil Procedure 68. The paid invoices reflecting Berkley's taxable costs are attached to the Declaration of James

Baffa. (Declaration of James Baffa, Exhibit A at ¶¶ 81 – 97). Mr. Baffa attests that the invoices were paid in due course throughout this matter. The following table summarizes Berkley's taxable costs:

| INVOICE DATE | DISBURSEMENT DESCRIPTION | AMOUNT |
|---|---|---|
| April 12, 2022 | Document costs | $ 45.00 |
| May 9, 2022 | Printing – B/W and color | $ 56.90 |
| July 8. 2022 | Printing B/W and color | $ 89.50 |
| | Third party costs project management | $ 750.00 |
| | Process server service fee | $ 258.00 |
| August 10, 2022 | Overnight mail packages | $ 38.18 |
| | Subpoena service | $ 161.75 |
| | Processing of electronic evidence | $ 75.00 |
| | Deposition and transcript of Edward Wynn | $1,523.50 |
| September 16, 2022 | Process server service fee – J. Waxman | $ 119.00 |
| | Deposition and transcript John Havis | $1,191.70 |
| | Transcript of Nick Matsie | $ 386.50 |
| | Transcript of Chris Zanchelli | $ 327.00 |
| October 18, 2022 | Deposition transcript of Sandra Bragg-O'Connor | $ 614.75 |
| | Certified deposition transcript of Carol Threlkeld | $ 761.00 |
| | Certified deposition transcript of Brendan Bryant | $ 796.50 |
| November 7, 2022 | Deposition transcript of Joseph Waxman | $ 781.15 |
| **Total** | | $7,975.43 |

Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party, which is a party that has prevailed on a substantial part of the litigation even if the party did not succeed on every claim." *Culp v. Caudill*, 140 F.4th 938, 944 (7th Cir. 2025). "A party prevails for purposes of Rule 54(d) when a final

6

judgment awards it substantial relief." *Smart v. Local 702 Inter'l Broth. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009). "Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Here, neither basis to deny costs is present. Berkley asserted a counterclaim and prevailed on its counterclaim, which is dispositive as to the relief to be awarded. (Memorandum Opinion and Order, ECF No. 101 at 11.) Berkley further prevailed on Count II of Call One's complaint. (*Id.* at 32.). Accordingly, Berkley is the prevailing party and should be awarded costs under Federal Rule of Civil Procedure 54(d).

Separately, Berkley made an offer of judgment "in the amount of Four Hundred and Four Thousand One Hundred and Thirteen Dollars and zero cents ($404,113.00)". *Mother & Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003) (noting differences between Rule 54(d) and Rule 68). A copy of Berkley's Offer of Judgment is attached as Exhibit B. The offer of judgment was extended on November 16, 2021. Call One had fourteen days to accept the offer of judgment but did not do so. Under Rule 68, the unaccepted offer was deemed withdrawn, and Call One "must pay the costs incurred after the offer was made", FED. R. CIV. P. 68(b), (d), because Call One did not recover a judgment more favorable than Berkley's offer. *Payne v. Milwaukee County*, 288 F.3d 1021, 1024-25 (7th Cir. 2002).

**Conclusion and Request for Entry of Judgment**

Berkley respectfully requests that the Court enter judgment in favor of Berkley and against Call One in the amount of $289,422.99 and, separately, enter an award of costs in favor of Berkley and against Call One in the amount of $7,975.43.

DATED: November 12, 2025           DUANE MORRIS LLP


                                   By: /s/ *Mark A. Bradford*
                                        Mark A. Bradford

Mark A. Bradford
Keith M. St. Aubin
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
Telephone: (312) 499-6700
MABradford@duanemorris.com
KStAubin@duanemorris.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 12, 2025, the foregoing document was electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's CM/ECF system.

/s/ *Mark A. Bradford*